

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK



---

ACS ASSOCIATES USA, INC., on behalf
of itself and all others similarly situated,

      Plaintiff,

    vs.

ACE AVIATION HOLDINGS, INC., AIR
CANADA, AC CARGO LP, AIR FRANCE
ADS, AIR FRANCE-KLM GROUP ADS,
AIR FRANCE CARGO ADS, AIR
FRANCE-KLM CARGO ADS, ASIANA
AIRLINES INC., BRITISH AIRWAYS
PLC, CARGOLUX AIRLINES
INTERNATIONAL S.A., CATHAY
PACIFIC AIRWAYS LTD., DEUTSCHE
LUFTHANSA AG, LUFTHANSA CARGO
AG, JAPAN AIRLINES
INTERNATIONAL COMPANY LTD.,
KOREAN AIRLINES COMPANY LTD.,
LAN AIRLINES S.A., LAN CARGO S.A.,
ATLAS AIR WORLDWIDE HOLDINGS,
INC., NIPPON CARGO AIRLINES CO.,
LTD., POLAR AIR CARGO, INC., SAS
AB dba. SAS GROUP, SAS CARGO
GROUP A/S,SINGAPORE AIRLINES,
LIMITED, SINGAPORE AIRLINES
CARGO PTE LIMITED, SWISS
INTERNATIONAL AIR LINES LTD.,
UAL CORPORATION, UNITED
AIRLINES INC., UNITED AIRLINES
CARGO INC., VIRGIN ATLANTIC
AIRWAYS LIMITED,  INTERNATIONAL
AIR TRANSPORT ASSOCIATION, and
JOHN DOES I-X,

      Defendants.

---

**CLASS ACTION COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

## POHORELSKY, M.J.

**CIVIL ACTION NO.:**

Plaintiff, by and through its attorneys, on behalf of itself and all others similarly situated, brings this action for treble damages and injunctive relief under the antitrust laws of the United States against the above-named Defendants, demanding a trial by jury, and complaining and alleging as follows:

## I.   JURISDICTION AND VENUE

1.      This action is filed and these proceedings are instituted under Sections 4 and 16 of the Act of Congress of October 14, 1914, C.323, 38 Stat. 731 (U.S.C. §§15 & 26), to obtain injunctive relief and to recover damages and costs of suit, including a reasonable attorneys' fee, against Defendants for the injuries sustained by Plaintiff, and the members of the class it represents, by reason of Defendants' and their co-conspirators violations, as hereinafter alleged, of Section 1 of the Sherman Act (15 U.S.C. §1).

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1337 and by Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§15(a) and 26.

3.      Venue is laid in this district pursuant to Sections 4, 12 and 16 of the Clayton Act, 15 U.S.C. §§1391(b), (c) and (d).

4.      Defendants maintain offices, have agents, transact business, or are found within this judicial district.  The interstate trade and commerce described hereinafter is and has been carried out in part within this district.

## II.   PLAINTIFF

5.      Plaintiff, ACS Associates USA, Inc. is a corporation, headquartered in Huntingdon Valley, Pennsylvania.  During the time period covered by the Complaint, Plaintiff purchased Air Cargo services from one or more of Defendants herein and has been injured by reason of the antitrust violations alleged herein.

2

### III.   DEFENDANTS

6.      Defendant ACE Aviation Holdings, Inc. ("ACE") is a foreign airline headquartered at 5100 de Maisonneuve Boulevard West, Montreal, Quebec H4A 3T2, Canada.  ACE conducts Airfreight Shipping throughout the world, including into the U.S. and this district.  ACE is the parent company of defendant Air Canada.

7.      Defendant Air Canada is a company organized under the laws of Canada with its headquarters located at 5100 de Maisonneuve Boulevard West, Montreal, Quebec H4A 3T2, Canada.  Air Canada is a wholly owned subsidiary of Defendant ACE.  Air Canada conducts Airfreight Shipping throughout the world, including into the U.S. and this district.  On information and belief, and at all relevant times, ACE owned, dominated and controlled the business of Air Canada.

8.      Defendant AC Cargo LP ("AC Cargo") is a company organized under the laws of Canada with its headquarters located at 5100 de Maisonneuve Boulevard West, Montreal, Quebec H4A 3T2, Canada.  AC Cargo is a wholly owned subsidiary of Defendant ACE Aviation Holdings, Inc.  AC Cargo conducts Airfreight Shipping throughout the world, including into the U.S. and this district.  On information and belief, and at all relevant times, ACE owned, dominated and controlled the business of AC Cargo.

9.      Defendants identified in the preceding three paragraphs are collectively referred to herein as the "Air Canada Defendants."

10.     Defendant Air France ADS ("Air France") is a foreign airline headquartered at 45, rue de Paris 95747 Roissy-CDG Cedex, France.  Air France conducts Airfreight Shipping throughout the world, including into the U.S. and this

3

district.  Air France is a subsidiary of Air France-KLM Group ADS. On information and

belief, and at all relevant times, the business of Air France was owned, dominated and

controlled by Air France-KLM Group ADS.

11.     Defendant Air France-KLM Group ADS ("Air France-KLM") is a foreign

airline headquartered at 45, rue de Paris 95747 Roissy-CDG Cedex, France. Air France-

KLM conducts Airfreight Shipping throughout the world, including into the U.S. and this

district.

12.     Defendant Air France Cargo ADS ("Air France Cargo") is a foreign

airline headquartered at 45, rue de Paris 95747 Roissy-CDG Cedex, France.  Air France

Cargo conducts Airfreight Shipping throughout the world, including into the U.S. and

this district. Air France Cargo is a subsidiary of Air France-KLM. On information and

belief, and at all relevant times, Air France-KLM owned, dominated and controlled the

businesses of Air France Cargo.

13.     Defendant Air France-KLM Cargo ADS ("Air France-KLM Cargo") is a

foreign airline headquartered at 45, rue de Paris 95747 Roissy-CDG Cedex, France. Air-

France-KLM Cargo conducts Airfreight Shipping throughout the world, including into

the U.S. and this district.  Air France-KLM Cargo is a subsidiary of Air France-KLM. On

information and belief, and at all relevant times, Air France-KLM owned, dominated and

controlled the business of Air France-KLM Cargo.

14.     Defendants identified in the preceding four paragraphs are collectively

referred to herein as the "Air France Defendants."

15.     Defendant Asiana Airlines Inc. ("Asiana Airlines") is a foreign airline

headquartered at Asiana Twon Kangseo, P.O. Box 98 #47, Osae-Dong, Kangseo-Ku,

4

Seoul, South Korea. Asiana conducts Airfreight Shipping throughout the world, including into the U.S. and this district.

16.     Defendant British Airways PLC ("British Airways") is a foreign airline headquartered at Waterside, UB7 GB Harmondsworth, Middlesex, England. British Airways conducts Airfreight Shipping throughout the world, including into the U.S. and this district. British Airways' cargo division is named British Airways World Cargo.

17.     Defendant Cargolux Airlines International S.A. ("Cargolux") is a company organized under the laws of Luxembourg with its headquarters located at Luxembourg Airport L-2990, Luxembourg, Grand Duchy of Luxembourg. Cargolux conducts Airfreight Shipping throughout the world, including into the United States.

18.     Defendant Cathay Pacific Airways Ltd. ("Cathay Pacific") is a foreign airline headquartered at Hong Kong International Airport, 7/F North Tower, 8 Scenic Road, Cathay City, Lantau, Hong Kong. Cathay Pacific conducts Airfreight Shipping throughout the world, including into the U.S. and this district.

19.     Defendant Deutsche Lufthansa AG ("Lufthansa AG") is a foreign airline headquartered at Von-Gablenz-Strasse 2-6, 50679 Köln, Germany. Lufthansa AG conducts Airfreight Shipping throughout the world, including into the U.S. and this district.

20.     Defendant Lufthansa Cargo AG ("Lufthansa Cargo") is a foreign airline headquartered at Von-Gablenz-Strasse 2-6, 50679 Köln, Germany. Lufthansa Cargo conducts Airfreight Shipping throughout the world, including into the U.S. and this district. Lufthansa Cargo is a subsidiary of Lufthansa AG. On information and belief,

and at all relevant times, Lufthansa AG owned, dominated and controlled the business of Lufthansa Cargo.

21.     Defendants identified in the preceding two paragraphs are collectively referred to herein as the "Lufthansa Defendants."

22.     Defendant Japan Airlines International Company Ltd. ("JAL") is a foreign airline headquartered at 4-11, Higashi-shinagawa 2-chome, Shinagawa-ku, Tokyo 140-8637, Japan. JAL conducts Airfreight Shipping throughout the world, including into the U.S. and this district. JAL's cargo division is named JAL Cargo.

23.     Defendant Korean Air Company, Ltd. ("Korean Air") is a foreign airline headquartered at 1370 Gonghang-Dong, Gangso-Gu, Seoul, Korea. Korean Air conducts Airfreight Shipping throughout the world, including into the U.S. and this district.

24.     Defendant Lan Airlines S.A. ("Lan Airlines") is a company organized under the laws of the Republic of Chile with its headquarters located at Presidente Riesco 5711 Piso 20, Las Condes, Santiago, Chile. Lan Airlines conducted Airfreight Shipping throughout the world, including into the U.S. and this district.

25.     Defendant Lan Cargo S.A. ("Lan Cargo") is a company organized under the laws of the Republic of Chile with its headquarters located at Presidente Riesco 5711 Piso 20, Las Condes, Santiago, Chile. Lan Cargo conducts Airfreight Shipping throughout the world, including into the U.S. and this district. Lan Cargo is a wholly owned subsidiary of Lan Airlines. On information and belief, and at all relevant times, Lan Airlines owned, dominated and controlled the business of Lan Cargo.

26.     Defendants identified in the preceding two paragraphs are collectively referred to herein as the "Lan Defendants."

27.     Defendant Nippon Cargo Airlines Co., Ltd. ("NCA") is a company organized under the laws of Japan with its headquarters located at Shiodome City Center 8F 5-2, Higashi-Shinbashi, 1-Chome, Minato-Ku, Tokyo 105-7108, Japan.  NCA conducts Airfreight Shipping throughout the world, including into the U.S. and this District.

28.     Defendant Atlas Air Worldwide Holdings, Inc. ("Atlas") is a corporation organized under the laws of Delaware with its headquarters located at 2000 Westchester Avenue, Purchase, New York 10577.  Atlas conducts Airfreight Shipping throughout the world, including into the U.S. and this district.

29.     Defendant Polar Air Cargo, Inc. ("Polar Air") is a corporation organized under the laws of California with it headquarters located at 2000 Westchester Avenue, Purchase, New York 10577.  Polar Air conducts Airfreight Shipping throughout the world, including into the U.S.  Polar Air is a wholly owned subsidiary of Atlas.  On information and belief, and at all relevant times, Atlas owned, dominated and controlled the business of Polar Air.

30.     Defendants identified in the preceding two paragraphs are collectively referred to herein as the "Polar Air Defendants."

31.     Defendant SAS AB, dba SAS Group ("SAS Group") is a foreign airline headquartered at Frösundaviks Allé 1, 195 87 Stockholm, Sweden.  SAS Group conducts Airfreight Shipping throughout the world, including into the U.S. and this district.

32.     Defendant SAS Cargo Group A/S ("SAS Cargo") is a foreign airline headquartered at Frösundaviks Allé 1, 195 87 Stockholm, Sweden. SAS Cargo conducts Airfreight Shipping throughout the world, including into the U.S. and this district.  SAS

Cargo is a subsidiary of SAS Group. On information and belief, and at all relevant times, SAS Group owned, dominated and controlled the business of SAS Cargo.

33.     Defendants identified in the preceding two paragraphs are collectively referred to herein as the "SAS Defendants."

34.     Defendant Singapore Airlines Limited ("Singapore Airlines") is a company organized under the laws of Singapore with its headquarters located at Airline House, 25 Airline Road, Singapore 819829. Singapore Airlines conducts Airfreight Shipping throughout the world, including into the U.S.

35.     Defendant Singapore Airlines Cargo Pte Ltd ("SIA Cargo") is a company organized under the laws of Singapore with its headquarters located at 5th floor core L, SATS Airfreight Terminal 5, Superhub 1, 30 Airline Road, Singapore 819830. SIA Cargo conducts Airfreight Shipping throughout the world, including into the U.S. SIA Cargo is a wholly owned subsidiary of Singapore Airlines. On information and belief, and at all relevant times, Singapore Airlines owned, dominated and controlled the business of SIA Cargo.

36.     Defendants identified in the preceding two paragraphs are collectively referred to herein as the "Singapore Air Defendants."

37.     Defendant Swiss International Air Lines Ltd. ("Swiss International") is a company organized under the laws of Switzerland with its headquarters located at Aeschenvorstadt 4, CH-4051 Basel, Switzerland. Swiss International conducts Airfreight Shipping throughout the world, including into the United States. Swiss International's cargo division is named SwissWorldCargo.

8

38. Defendant UAL Corporation ("UAL") is a U.S.-based airline headquartered at 1200 E. Algonquin Rd., Elk Grove Township, Illinois 60007. UAL conducts Airfreight Shipping throughout the world, including into the United States and this district.

39. Defendant United Airlines Inc. ("United Airlines") is a U.S.-based airline headquartered at 1200 E. Algonquin Rd., Elk Grove Township, Illinois 60007. United Airlines conducts Airfreight Shipping throughout the world, including into the United States and this district. United Airlines is a subsidiary of UAL. On information and belief, and at all relevant times, UAL owned, dominated and controlled the business of United Airlines.

40. Defendant United Airlines Cargo Inc. ("United Cargo") is a U.S.-based airline headquartered at 1200 E. Algonquin Rd., Elk Grove Township, Illinois 60007. United Cargo conducts Airfreight Shipping throughout the world, including into the United States and this district. United Cargo is a subsidiary of United Airlines. On information and belief, at all relevant times, United Airlines owned, dominated and controlled the business of United Cargo.

41. On information and belief, and at all relevant times, UAL owned, dominated and controlled the business of United Cargo.

42. Defendants identified in the preceding four paragraphs are together collectively referred to herein as the "United Defendants."

43. Defendant Virgin Atlantic Airways Limited ("Virgin Atlantic") is a company organized under the laws of England and Wales with its headquarters located at The Office, Crawley Business Quarter, Manor Royal, Crawley, West Sussex RH10 9NU,

9

England.  Virgin Atlantic conducts Airfreight Shipping throughout the world including through Virgin Atlantic Cargo, and including into the United States.

44.    Defendants identified in paragraphs 6 through 43 are collectively referred to herein as the "Airfreight Carrier Defendants."

45.    Defendant International Air Transport Association ("IATA") is an international trade association with its U.S. headquarters located at 1776 K  Street N.W., Suite 400, Washington DC 20006.

46.    At all relevant times, all Airfreight Carrier Defendants named above were members of IATA.

47.    During all or part of the period covered by this Complaint, each of said Defendants engaged in the business of providing Air Cargo services.

## IV.    CO-CONSPIRATORS

48.    Various other persons, firms and corporations, not made Defendants herein, have participated as co-conspirators with Defendants in the violations alleged herein and have performed acts and made statements in furtherance of the conspiracy.

## V.    CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of itself and a Class consisting of:

> All persons (excluding federal, state and local governmental entities and political subdivisions, and Defendants, their respective parents, subsidiaries and affiliates) who purchased Air Cargo services for shipments within or from or to the United States directly from any of the Defendants or their co-conspirators during the period from January 1, 2000 through the date of the filing of the Complaint, and who have sustained damages thereby.

10

50.     Plaintiff does not know the exact size of the Class since such information is exclusively in the control of the Defendants. However, due to the nature of the trade and commerce involved, Plaintiff believes that there are thousands of Class members, and that they are sufficiently numerous and geographically dispersed throughout the United States so that joinder of all Class members is impracticable.

51.     Plaintiff's claim is typical of the claims of all Class members in that Plaintiff and all Class members were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged in this Complaint.

52.     Plaintiff, as representative of the class, will fairly and adequately protect the interests of the Class members. The interests of Plaintiff coincide with, and are not antagonistic to, those of the Class members. In addition, Plaintiff is represented by counsel who are experienced and competent in the prosecution of complex class action and antitrust litigation.

53.     Except as to the amount of damages each Class member has by itself sustained, all other questions of law and fact are common to the Class members and predominate over any questions that may affect only individual members. Common questions of law and fact include:

(a)     Whether Defendants and their co-conspirators engaged in a combination or conspiracy to raise, fix or maintain surcharges on Air Cargo services;

(b)     Whether Defendants and their co-conspirators sold Air Cargo services to Plaintiff and Class members at artificially inflated prices;

(c)     The duration and extent of the combination or conspiracy alleged in this Complaint;

(d)     Whether Defendants and their co-conspirators participated in the combination or conspiracy alleged in this Complaint;

(e)     Whether Defendants and their co-conspirators fraudulently concealed their combination and conspiracy from Plaintiff and class members;

(f)     Whether the alleged combination or conspiracy caused injury to the business or property of Plaintiff and Class members; and

(g)     The appropriate measure of damages by which the conduct of Defendants and their co-conspirators injured Plaintiff and Class members.

54.     A Class Action is superior to any other available methods for the fair and efficient adjudication of the controversy alleged in this Complaint, in that there is no interest by Class members in individually controlling the prosecution of separate actions; and it is desirable to concentrate the litigation of the claims made herein in a single proceeding in order to provide small claimants with a forum in which to seek redress for these antitrust violations.  Whatever difficulties may exist in the management of the Class Action will be greatly outweighed by the Class Action procedure, including but not limited to providing claimants with a method for the redress of claims which may not otherwise warrant individual litigation.

## VI. **TRADE AND COMMERCE**

55.     During all part of the class period, Defendants' and their co-conspirators' activities, as described herein, were within the flow of, and substantially affected, interstate commerce.

56.     During the period of time covered by this Complaint, Defendants and their co-conspirators provided Air Cargo services within or to or from the United States.

57.     In connection with the sale of Air Cargo services, Defendants and their co-conspirators, and each of them, have used instrumentalities of interstate commerce to sell and market Air Cargo services.

## VII.  VIOLATIONS ALLEGED

58.     Beginning as early as January 1, 2000, and continuing thereafter until at least the date of the filing of this Complaint, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators have engaged in a combination or conspiracy in restraint of trade to raise, fix, maintain or stabilize various surcharges on Air Cargo services in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

59.     The aforesaid combination and conspiracy consisted of a continuing agreement, understanding and concert of action among the Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain or stabilize various surcharges on Air Cargo services within or to or from the United States.

60.     For the purpose of formulating and effecting the aforesaid combination and conspiracy, the Defendants and their co-conspirators did those things which, as hereinbefore alleged, they combined and conspired to do.

## VIII.  EFFECTS

61.     The aforesaid, combination and conspiracy has had the following effects, among others:

    a.     Price competition in the sale of Air Cargo services within or to or from the United States has been suppressed and restrained;

13

b.       Prices of Air Cargo services purchased by Plaintiff and other Class

members have been fixed, raised, maintained, or stabilized at artificial and non-

competitive levels; and

c.       Purchasers of Air Cargo services within or to or from the United

States have been deprived of the benefit of free and open competition in the sale of those

services.

## IX. FRAUDULENT CONCEALMENT

62.     Plaintiff and Class members had no knowledge of this combination or

conspiracy, or of any fact that might have led to the discovery of it prior to the first

reports of raids of Defendants' offices by European Union, Canadian and United States

Department of Justice officials on February 14, 2006 and the various Defendants' press

releases issued on that same day concerning the international antitrust raids on certain

Defendants' operations.

63.     Defendants engaged in a successful, illegal price-fixing conspiracy that,

by its nature, was inherently self-concealing.

64.     Plaintiff and the Class members could not have discovered the alleged

combination or conspiracy at an earlier date by the exercise of reasonable diligence

because of the deceptive practices and techniques of secrecy employed by Defendants

and their co-conspirators to avoid detection of, and fraudulently conceal, their

combination or conspiracy.  The combination or conspiracy as herein alleged was

fraudulently concealed by Defendants by various means and methods, including, but not

limited to, secret meetings, misrepresentations to customers concerning the reason for

price increases and surreptitious communications between the Defendants by the use of

the telephone or in-person meetings at trade association meetings (and elsewhere) in

order to prevent the existence of written records.

65.     The affirmative actions of the Defendants herein alleged were wrongfully concealed and carried out in a manner that precluded detection.

66.     Defendants also fraudulently concealed their combination or conspiracy in other ways as well.  For example, Defendants falsely represented to their customers that increases on various surcharges were due to increases in the cost and supply of raw materials when, in fact, these price increases were the direct result of collusive activity among Defendants as alleged herein.

67.     By virtue of the fraudulent concealment by Defendants and their co-conspirators, the running of any statue of limitations has been tolled and suspended with respect to any claims that Plaintiff and the other Class members have as a result of the unlawful contract, conspiracy or combination alleged in this Complaint.

## X.  DAMAGES

68.     During and throughout the period of the antitrust violations by Defendants and their co-conspirators, Plaintiff and each member of the class it represents purchased Air Cargo services from one of the Defendants or their co-conspirators, and by reason of the antitrust violations alleged, paid more for the Air Cargo services that they purchased from Defendants and/or their co-conspirators than they would have paid under conditions of free and open competition.  As a result of the illegal combination and conspiracy, Plaintiff and each member of the class it represents has been injured and damaged in an amount presently undetermined.

## XI.  JURY DEMAND

69.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

## XII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands as follows:

A.      That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B.      That the alleged combination and conspiracy among Defendants and their co-conspirators, be adjudged and decreed to be in to violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

C.      That judgment be entered for Plaintiff against Defendants, jointly and severally, and in favor of Plaintiff and each member of the Class it represents, for three times the amount of damages determined to have been sustained by Plaintiff and each member of the Class it represents, together with the costs of this action, including a reasonable attorneys' fee;

D.      That each of the Defendants, their affiliates, successors, transferees, assigns, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining or renewing the combination or conspiracy alleged herein, or from engaging in any other combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect; and,

E.      Such other and further relief as the case may require and the Court may deem just and proper under the circumstances.

16

Dated: March 3, 2006

BY: _____

Robert A. Skirnick (RS 2636)
Maria A. Skirnick
**Meredith Cohen Greenfogel**
**& Skirnick, P.C.**
One Liberty Plaza, 35th Floor
New York, NY 10006
(212) 240-0020
(212) 240-0021 (Facsimile)

**Meredith Cohen Greenfogel**
**& Skirnick, P.C.**
Joel C. Meredith
Steven J. Greenfogel
Daniel B. Allanoff
117 S. 17th Street, 22nd Floor
Phila., PA.   19103
(215) 564-5182
(215) 569-0958 (Facsimile)

**Shepherd, Finkelman, Miller & Shah, LLC**
Natalie Finkelman Bennett
35 E. State Street
Media, PA 19063
(610) 891-9880
(610) 891-9883 (Facsimile)

**Counsel for Plaintiff**